STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
MC ZONE PARKER, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 4, 1977—Decided October 18, 1977.

536

Before Judges HALPERN, LARNER and KING.

*Mr. Stanley C. Van Ness,* Public Defender of New Jersey, attorney for appellant (*Ms. Kathryn A. Brock,* Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney for respondent (*Mr. R. Benjamin Cohen,* Assistant Prosecutor, of counsel).

The opinion of the court was delivered by

HALPERN, P. J. A. D.   Defendant was convicted by a jury on five counts of a six-count indictment and sentenced to State Prison for terms totalling 10-15 years as hereinafter more particularly detailed. He appeals from the judgment of conviction on the following grounds set forth in his brief:

POINT I.   THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO INSTRUCT THE JURY, *SUA SPONTE,* TO DISREGARD THE TESTIMONY OF OFFICER BOST THAT HE BELIEVED "A WITNESS" IDENTIFIED THE DEFENDANT AS THE PERPETRATOR OF THE CRIME. (Not Raised Below).

POINT II.   THE COURT COMMITTED REVERSIBLE ERROR BY ADMITTING A PISTOL AND BULLET ALLEGEDLY USED IN THE INCIDENT IN EVIDENCE BASED ON HEARSAY AND AN INADEQUATE CHAIN OF CUSTODY. (Partially Raised Below).

POINT III.   THE DEFENDANT'S CONVICTIONS FOR ASSAULT WITH A DANGEROUS WEAPON AND ATROCIOUS ASSAULT AND BATTERY MERGE.

POINT IV.   THE SENTENCE IMPOSED WAS ILLEGAL. (Not Raised Below).

We have considered the entire record and have determined that the issues raised by defendant in Points I and II are clearly without merit. *R.* 2:11-3(e)(2). However, there is merit in Points III and IV to which we now turn.

The relative facts in connection with the crimes here involved occurred on February 25, 1975 at a tavern in Newark. The essentially undisputed State's proofs (defendant offered

no proofs) indicated that defendant entered the tavern owned by Juan Santiago and shot and wounded Santiago. Thereafter, while Eddie Morales was pursuing defendant, Morales was shot and wounded by defendant.

■ Count I of the indictment charged defendant with assault with intent to kill Juan Santiago by shooting at him with a pistol (*N. J. S. A.* 2A:90–2). Count II charged him with atrocious assault and battery upon Juan Santiago by maiming and wounding him (*N. J. S. A.* 2A:90–1). Count III charged him with atrocious assault and battery upon Eddie Morales by maiming and wounding him (*N. J. S. A.* 2A:90–1). Count IV charged him with an assault upon Juan Santiago by shooting a pistol at him (*N. J. S. A.* 2A:90–3). Count V charged him with an assault upon Eddie Morales by shooting a pistol at him (*N. J. S. A.* 2A:90–3). Count VI charged him with unlawful possession of two pistols (*N. J. S. A.* 2A:151–41).

On motion of defendant at the close of the proofs, the trial judge merged count I into Count IV and directed a verdict of acquittal on count I.[1] The jury convicted defendant on the remaining five counts (on count VI he was convicted of possessing one pistol only).

■ On count IV (the one into which count I was merged) defendant was sentenced to State Prison for a term of seven to ten years. This sentence was obviously illegal because the maximum sentence that could have been imposed on Count IV was seven years. See *N. J. S. A.* 2A:85–6.

---

[1] In light of the proofs, the trial judge's action in merging the greater offense into the lesser offense, and acquitting defendant on the greater offense, was clearly improper because the State did not have the burden of proving that defendant intended to kill Santiago to convict him on Count IV. No sound reason appears to justify the trial judge's actions.

The proper procedure would have been to submit all six counts to the jury and, following the verdict, merge such counts as should be merged consistent with the verdict as rendered. See *State v. Moran*, 136 *N. J. Super.* 188, 192–193 (App. Div. 1975), aff'd 73 *N. J.* 79 (1977).

On counts II, III and V he was sentenced to State Prison terms of five to seven years to run concurrently with count IV as merged.

On count VI he was sentenced to State Prison for a term of three to five years to run consecutively to count IV as merged, and counts II, III and V.

For some unexplainable reason the trial judge thought that even though count I had been merged into count IV, and defendant had been acquitted on count I, the maximum sentence imposable on count I (12 years) was still viable. In so doing, the trial judge erred.

The State, in its brief on appeal, concedes (as it must) that count IV should have been merged into count II and that count V should have been merged into count III. See *State v. Best,* 70 *N. J.* 56 (1976) ; *State v. Jamison,* 64 *N. J.* 363 (1974) ; *State v. Hill,* 44 *N. J. Super.* 110 (App. Div. 1957).

Accordingly, the convictions and sentences imposed on counts IV and V are vacated, and the matter is remanded to the trial judge for resentencing on counts II, III and VI. Except as herein modified, the judgment is affirmed.